EVANDER, J.
We affirm the final judgment entered below. Our affirmance is without prejudice to the Department of Children and Families filing a new petition for termination of parental rights should J.H. be convicted and sentenced to prison on his pending felony charges. A significant prison sentence would not only potentially provide new legal grounds for termination,[1] it would require the trial court to reexamine the issue of whether termination of parental rights is the least restrictive means to protect the child, A.H. The least restrictive meáns test is not intended to preserve a parental bond at the cost of a child’s future. Rather, it simply requires that “measures short of termination should be utilized if such measures can permit the safe reestablishment of the parent-child bond.” A.J. v. K.A.O., 951 So.2d 30, 33 (Fla. 5th DCA 2007); Dep’t of Children & Families v. B.B., 824 So.2d 1000, 1009 (Fla. 5th DCA 2002). Where there is a lack of a meaningful relationship between a parent and a child, caused in large part by the parent’s criminal propensities, this Court has previously concluded that termination of parental rights is not barred by application of the least restrictive means test. See, e.g., F.L.C. v. G.C., 24 So.3d 669 (Fla. 5th DCA 2009); A.J., 951 So.2d at 30.
AFFIRMED.
LAWSON and BERGER, JJ., concur.

. See § 39.806(l)(d)l. & 2„ Fla. Stat. (2013).